OPINION
The defendant-appellant, Richard E. Johnson ("the appellant"), appeals the decision of the Logan County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950. For the following reasons, we affirm the judgment of the trial court.
In March 1988, the appellant was indicted by the Logan County Grand Jury on two counts of rape, in violation of R.C. 2907.02, both felonies of the first degree, and two counts of gross sexual imposition, in violation of R.C. 2907.05, both felonies of the third degree. On or about July 28, 1988, the appellant pleaded guilty to an amended charge of one count of attempted rape, in violation of R.C. 2923.02, a felony of the second degree. In exchange for the appellant's guilty plea, the remaining counts were dismissed by the State. The trial court accepted the appellant's guilty plea and sentenced him to a minimum term of four years in prison to a maximum term of imprisonment of fifteen years.
While serving his term of imprisonment, the Ohio Department of Rehabilitation and Correction recommended that the appellant be classified as a sexual predator pursuant to R.C. Chapter 2950. A sexual predator classification hearing was held on June 21, 1999, in the Logan County Court of Common Pleas. By judgment entry of November 22, 1999, the trial court found that the appellant was a sexual predator pursuant to the criteria set forth in R.C.2950.09.
The appellant now appeals, asserting the following three assignments of error.
ASSIGNMENT OF ERROR NO. I
 The trial court erred in finding the appellant to be a sexual predator pursuant to the provisions of Revised Code Section 2950.09 in that said finding was not supported by sufficient credible evidence.
 In his first assignment of error, the appellant contends that the trial court erred in adjudicating him to be sexual predator because the evidence presented at the sexual classification hearing failed to prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. For the following reasons, we do not agree.
R.C. 2950.01(E) defines the term "sexual predator" as follows:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when determining an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(B)(3) states that after reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that the appellant is a sexual predator. The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469.
In the case before us, it is undisputed that the appellant pleaded guilty to and was convicted of one count of attempted rape. The offense of attempted rape qualifies as a "sexually oriented offense" under R.C. 2950.01(D)(1) and (D)(7). Therefore, the critical issue in the appellant's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses."
At the sexual classification hearing, the prosecutor brought to the trial court's attention a psychiatric evaluation prepared in April of 1988[1], a psychological evaluation prepared by the Child Adult Guidance Center dated June 20, 1988, a presentence investigation report prepared by the Adult Parole Authority dated August 24, 1988, and a forensic evaluation report prepared in May 1999 by the Forensic Psychiatry Center for Western Ohio.
The following evidence was adduced from the presentence investigation report. In January 1988, while babysitting his eight-year old niece, the appellant had her masturbate him, and attempted to insert his penis into her vagina. The appellant also performed oral sex on the child. At the sexual classification hearing, the appellant testified that he could not recall whether he had attempted to have sexual intercourse with the girl, but that he did remember performing oral sex on her, and having her masturbate him.
The presentence investigation report further reveals that on three separate occasions the appellant molested the four year-old daughter of a friend. The appellant testified at the hearing that he had the girl masturbate him and perform oral sex on him. The appellant also testified that he had sexual intercourse with his sister and a female cousin when he was twelve years old, and that he had been molested by an aunt or cousin when he was five years old.[2]
Defense counsel introduced no evidence that the appellant had completed or participated in a sexual offender treatment program. The evidence also suggested that the appellant has no intention to complete or participate in such a program, nor does the appellant show remorse for his acts.
At the sexual classification hearing, we note that the trial court made no mention of the factors listed in R.C. 2950.09(B)(2) in reaching its determination that the appellant was likely to engage in the future in one or more sexually oriented offenses. The trial court's judgment entry of November 22, 1999, also failed to set forth any factors that the court had considered in reaching its determination. By doing so, the trial court's determination was deficient because it lacked specificity as to the factors that the court had based its determination upon. Nonetheless, the record does contain sufficient evidence for the trial court to have found by clear and convincing evidence that the appellant had been previously convicted of a sexually oriented offense and that he is likely to engage in the future in one or more sexually oriented offenses. See, e.g., State v. Burlile (Mar. 10, 2000), Seneca App. No. 13-99-53, unreported.
In conclusion, we find that the trial court had sufficient evidence before it from which to determine by clear and convincing evidence that the appellant is likely to commit a sexually oriented offense in the future. Consequently, we cannot find the trial court's determination that the appellant is a sexual predator against the sufficiency of the evidence.
Accordingly, the appellant's first assignment of error is overruled.
ASSIGNMENT OF ERROR NO. II
 Ohio Revised Code Sections 2950.01, et. seq., as most recently enacted, are unconstitutional as violative of Mr. Johnson's right to privacy as protected by Article I, Section 1, Ohio's Constitution and the Ninth and Fourteenth Amendments to the Constitution of the United States.
 In his second assignment of error, the appellant maintains that R.C. Chapter 2950 impinges upon his right to privacy. Specifically, the appellant maintains that the registration and notification provisions of R.C. Chapter 2950 violate his state and federal constitutional right to be free from unreasonable governmental intrusion and interference. For the following reasons, we do not agree.
The Supreme Court of Ohio in State v. Williams (2000), 88 Ohio St.3d ___, has recently addressed the issue raised by the appellant herein. In Williams, the Court upheld the constitutionality of R.C. Chapter 2950 by finding that the statute's registration and notification provisions do not infringe upon a convicted sex offender's right to privacy because the information disseminated to the public is a public record pursuant R.C. 2950.11(E), and "the right to privacy only encompasses personal information and not information readily available to the public." Id. Therefore, the registration and notification provisions of R.C. Chapter 2950 do not violate the appellant's right to privacy. For the foregoing reasons, the appellant's argument is not well-taken.
Accordingly, the appellant's second assignment of error is overruled.
ASSIGNMENT OF ERROR NO. III
 Ohio Revised Code Sections 2950.09 et. seq., violate Mr. Johnson's right to equal protection of the laws, pursuant to the Fourteenth Amendment to the United States Constitution and Article I Section 2, of the Ohio Constitution. [sic]
 In his third and final assignment of error, the appellant maintains that R.C. Chapter 2950 violates the Equal Protection Clauses of the United States and Ohio Constitutions. For the following reasons, we do not agree.
In his brief, the appellant argues that the notification and registration provisions of R.C. Chapter 2950 infringe upon his right to privacy on the basis that sex offenders are treated differently from ordinary citizens. By doing so, the appellant argues that the registration and notification provisions infringe upon his rights to equal protection. However, for the reasons previously stated in the appellant's second assignment of error, we find no merit to this argument.
Accordingly, the appellant's third and final assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 SHAW and BRYANT, JJ., concur.
[1] The evaluation was prepared for the purpose of determining the appellant's competency to stand trial.
[2] There also is evidence in the record that the appellant has engaged in bestiality.